IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR00469 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ADRIENNE SMITH, | ) | <u>UNITED STATES' SENTENCING</u> |
| | ) | <u>MEMORANDUM FOR DEFENDANT</u> |
| Defendant. | ) | <u>ADRIENNE SMITH</u> |
| | ) | |
| | ) | |

The United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Brenna L. Fasko, Assistant United States Attorney, respectfully requests that the Court impose a sentence on Defendant Adrienne Smith ("Smith") consistent with the Plea Agreement negotiated by the parties. The United States believes that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

**I.      APPLICABLE LEGAL STANDARDS**

A well-established legal framework guides the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). The Guidelines thus remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. The Sentencing "Commission fills an important institutional role: It has the capacity courts lack to 'base its determination on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal citation omitted).

After determining the appropriate Guidelines range, the Court then turns to the familiar factors set forth in 18 U.S.C. § 3553(a).

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. OFFENSE CONDUCT

To support its sentencing position, the United States offers the following summary of the facts. The PSR and the factual basis from the parties' plea agreement also include a description of Smith's offense conduct. (R. 28: Final PSR, PageID 87-88; R. 26: Plea Agreement, ¶ 23, PageID 64-65).

Defendant Smith was a motor vehicle operator at the VA hospital located in Cleveland, Ohio. (R. 28: PSR, ¶ 5). In August 2024, Smith had a verbal altercation with her supervisor, in which she used loud, profane language in the workplace. (*Id.*). Several VA employees were ordered to provide statements in connection with this incident, including the three victims in this case. (R. 26: Plea Agreement, PageID 64). Smith was ultimately terminated for this behavior on October 27, 2024. (R. 28: PSR, ¶ 5).

This was not the end of Smith's verbally aggressive behavior. On December 3, 2024, Smith took it upon herself to call the victims who provided statements regarding her behavior. (R. 28: PSR, ¶ 6). She made two telephone calls within a short time span — and addressed all three victims during these calls. (*Id.*). The content of these phone calls, which were partially recorded, was alarming. Smith first accused the three victims of causing her termination from the VA. (*Id.*). She then stated, "I'm not going to kill you, I'm going to shoot you in the mother\*\*cking back of your . . . left ass." (*Id.*). She then detailed where this shooting would occur, stating "I'm going to meet you at your car, it might not be today, it might not be tomorrow, it might not be Thursday, it might not be Friday, it might be a month from now, it might be two months from now. What you mother\*\*uckers did to me . . ." (*Id.*).

2

Following these phone calls, the victims were terrified — particularly because they knew Smith owned a firearm. (*Id.* at ¶7). They immediately contacted the VA police, and this case followed. (*Id.*). When Smith was arrested in connection with this case, a Glock was found at her residence. (*Id.*).

B. PROCEDURAL HISTORY

On December 5, 2024, two days after the threatening phone calls, Smith was charged via Complaint with Threatening Interstate Communications, a violation of 18 U.S.C. § 875(c). (R. 1: Complaint, PageID 1-10). On December 18, 2024, a Grand Jury returned an Indictment against Smith. (R. 13: Indictment, PageID 34). On February 20, 2025, a Grand Jury returned a Superseding Indictment, charging Smith with Influencing, Impeding, or Retaliating Against a Federal Official by Threats or Injury, a violation of 18 U.S.C. § 115(a)(1)(B) (Count One), and Interstate Communications with a Threat to Injure, a violation of 18 U.S.C. § 875(c) (Count Two). (R. 18: Superseding Indictment, PageID 44-45).

On April 22, 2025, Smith plead guilty to Count Two of the Superseding Indictment, pursuant to a written plea agreement. (R. 25: Minutes, PageID 57). She is scheduled for sentencing on August 14, 2025. (*Id.*). Pretrial Services issued the final Presentence Investigation Report ("PSR") on July 29, 2025. (R. 28: PSR, PageID 85-118).

III. SENTENCING GUIDELINES COMPUTATION

The United States concurs with the Guidelines calculations set forth in the PSR. The final PSR calculated a final offense level of 6, based upon the following calculations:

| Base Offense Level | 12 | §2A6.1 |
|---|---|---|
| Specific Offense Characteristic (one instance with no deliberation) | -4 | §2A6.1(b)(6) |
| Acceptance of Responsibility | -2 | §3E1.1(a) |
| **Total Offense Level** | **6** | |

(R. 28: PSR, ¶¶ 12-20, PageID 89). These calculations are consistent with those contained in the Plea Agreement. (R. 26: Plea Agreement, PageID 62).

The PSR also correctly calculated Smith as having a criminal history category of I. (R. 28: PSR, ¶24, PageID 90). Based upon a total offense level of 6, with a criminal history category of I, the PSR calculated a Guidelines sentencing range of 0-6 months. (*Id*. at ¶ 49, PageID 95).

## IV. VICTIM IMPACT

Two of the three victims in this case provided victim impact statements. (*See* R. 28-1, PageID 102-118). These statements are compelling, and they provide detail as to the impact Smith's actions had. The victims have become more vigilant following the December 3, 2024 incident, and have had trouble sleeping. They are fearful Smith will come to their homes or place of work and carry out her threat. Smith knows where they work and park, which has caused them distress. They are particularly concerned because Smith is familiar with certain areas of the VA, and has relationships with some employees at the VA.

It is also apparent from reading these statements that the victims (1) want Smith to obtain mental health treatment to address her clear issues with anger (2) do not want Smith to have any access to firearms and (3) do not want Smith to contact them or their families in any way. For these reasons, the United States requests that should the Court order a term of probation and supervised release, that one of the requirements is that Smith obtains mental health treatment and continues to have no contact with the victims and their families in this case.

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the United States respectfully requests that the Court sentence Smith to a term of imprisonment consistent with the sentencing range contemplated by the Plea Agreement. The United States submits that this recommended

4

sentence adequately reflects those statutory factors to be considered under 18 U.S.C. § 3553 (a), particularly (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant;(3) the need for the sentence imposed-to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (4) to afford adequate deterrence to criminal conduct; and (5) to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553 (a).

With respect to nature and circumstances of the offense, the offense conduct was alarming. As demonstrated by both the victim impact statements, as well as the content of the recorded phone calls, Smith made detailed and specific threats to shoot her co-workers in the VA parking lot. The tone of Smith's voice during these phone calls was terrifying. Coupled with the fact that Smith was known to have a firearm, as well as established issues with anger, the victims were understandably terrified. Smith made these threats without any regard to the impact this would have on not only the victims, but the VA hospital campus at large. Once the VA police were notified of a possible shooting threat, law enforcement had to quickly spring into action to prevent a possible tragedy. When Smith made the decision to make this threat, she did so without any thought to the consequences.

Smith's history and characteristics also support a sentence within this range. As an initial matter, the United States acknowledges that Smith has several mitigating factors in her favor. She is a veteran, who served our country. She has a good work history, and a nonexistent criminal history. However, these mitigating factors in no way excuse her egregious conduct. Smith had access to a firearm, and she consumes alcohol on a daily basis. (R. 28: PSR, ¶39, PageID 92). She has anger problems and struggles to control her temper. (*Id*. at ¶ 38).

5

Finally, a sentence within the range of the Plea Agreement will reflect the seriousness of this offense, will provide deterrence, and keep the public safe.  The United States is hopeful that following this case, Smith will now understand that she cannot threaten to shoot people, and she cannot make threatening phone calls.  While Smith will no longer have access to a firearm by virtue of her felony conviction, the United States submits that a Guidelines sentence will deter Smith from ever attempting to acquire a firearm.  This will keep the community safe and prevent any further threats from Smith.  Finally, the United States requests that the Court order that Smith receive mental health counseling —which will further provide Smith with the support she needs to get her anger under control and prevent any future threats.

In sum, Smith had a complete disregard to the impact her crime had on both the victims and the VA hospital at large.  She had no qualms about threatening to come to the victims' place of work and shoot them.  This justifies a sentence within the sentencing range contemplated by the Plea Agreement.

## VI. CONCLUSION

For the reasons explained above, and those advanced at the sentencing hearing, the United States respectfully requests this Court impose on Smith to a term of imprisonment consistent with the sentencing range contemplated by the Plea Agreement. The United States further requests that should the Court order a term of probation and/or supervised release, that one of the requirements is that Smith obtains mental health treatment and continues to have no contact with the victims and their families in this case.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: /s/ Brenna L. Fasko
Brenna L. Fasko (OH: 0084897)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3855/3967
(216) 522-2403 (facsimile)
Brenna.Fasko@usdoj.gov