IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24-cr-00469 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| ADRIENNE SMITH, | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| Defendant. | ) | |

     Now comes Adrienne Smith, by and through her undersigned counsel Marisa L. Serrat, and respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. The defense requests this Court to consider her age of sixty-three (63), lack of any prior criminal history, lifetime of employment, compliance while on pretrial release, prior service to this country, and the relevant § 3553(a) mitigating factors. Ms. Smith requests this Honorable Court to sentence her to time served to be followed by a term of supervised release, or in the alternative, to a term of probation. Ms. Smith has been on pretrial release since December 19, 2024 with GPS electronic monitoring. She served fourteen (14) days in Mahoning County Jail, almost three (3) months on GPS home detention, and will have served five (5) additional months on GPS location monitoring curfew. She has accepted responsibility for her actions and the defense respectfully asks the Court to impose a noncustodial sentence and waive the imposition of a fine. A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

                                                                               Respectfully Submitted,

                                                                               s/ Marisa L. Serrat_____
                                                                               **JAIME P. SERRAT LLC**
                                                                               Marisa L. Serrat, (#0088840)
                                                                               Attorney for the Defendant

## MEMORANDUM IN SUPPORT

I.  **PROCEDURAL BACKGROUND.**

On December 6, 2024 Adrienne Smith was arrested and named in a Complaint in the Northern District of Ohio. On February 20, 2025, Ms. Smith was named in a two-count Superseding Indictment. Ms. Smith pled guilty to Count 2 of the Superseding Indictment on April 22, 2025, which stated that on December 3, 2024, she committed the offense of Threatening Interstate Communications, in violation of 18 U.S.C. § 875(c) pursuant to a written Rule 11(c)(1)(A) plea agreement in this case. At the time of sentencing, the government will move to dismiss Count 1 of the Superseding Indictment.

Ms. Smith served fourteen (14) days in Mahoning County Jail before being released on GPS home detention. She served almost three (3) months of home detention when her GPS monitoring was changed to curfew component for the last five (5) months. According to her U.S. Pretrial Services Officer, Ms. Smith has complied with all court-ordered conditions of bond. (PSR, R. 28, PID 87). Her conditions of bond included standard conditions, as well as restrictions from the VA. She was ordered to have no contact with the victims in this case and to comply with her mental health treatment.

The presentence report found Ms. Smith to have an adjusted offense level of six (6) and zero (0) criminal history points, corresponding to a guideline range of zero months to six months. Since the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required. This guideline range in the presentence report is consistent with the parties plea agreement.

## II. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 USC § 3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). 18 U.S.C. § 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the § 3553(a)(1) factors might call for a sentence outside the guideline range").

3

B. ARGUMENT.

Adrienne Letitia Smith is currently sixty-three (63) years old. Ms. Smith was raised by her parents in Cleveland, Ohio and had a very strong relationship with them until her mother passed away in 1991 and her father passed away in 2000. Her mother was a veteran of the United States Air Force. Ms. Smith also has close relationships with her two (2) sisters and many other extended family members that have been supportive of her throughout this process. Unfortunately, her brother passed away in 2016. Ms. Smith has never been married and does not have any children. She has lived at the same residence in Cleveland, Ohio for the last fourteen (14) years.

Ms. Smith graduated from Glenville High school in 1981 and has a long history of employment throughout her adult life. In February 1990, she enlisted in the U.S. Army. During her tour of duty, she served as a material storage handler in Operation Desert Storm. In July 1992, she received a general discharge under honorable conditions (Private; Rank E3). From 1993 through 2002 she worked as a contractor for Halliburton. She worked for the City of Cleveland, Ohio traffic services division from 2003 through 2015. For the last eight (8) years, Ms. Smith was employed as a motor vehicle operator at the VA Medical Center in Cleveland. Ms. Smith was certified as a heavy machine operator by the VA in 2000 and is skilled at operating various military vehicles. She is currently retired and given her financial circumstances, the defense requests the Court waive the imposition of a fine. (PSR, R. 28, PID 94).

Ms. Smith does suffer from PTSD and in 2023 she began receiving outpatient counseling and anger management treatment at the VA in Cleveland, as documented in her presentence report. (PSR, R. 28, PID 91, 92). She is currently attending therapy and agrees to continue to receive mental health treatment as a condition of her supervised release and/or term of probation. She understands that because of this conviction, she can no longer possess a firearm. Ms. Smith

voluntarily forfeited her firearm to law enforcement upon her arrest. Ms. Smith also agrees to the government's request that she continues to have no contact with the victims and their families in this case as a condition of her supervised release and/or term of probation. (Gov. Sent. Memo., R. 30, PID 127).

Ms. Smith has no prior criminal history and has never been involved in any similar conduct in the past. Her compliance with on pretrial release of not having any contact with the victims and not getting involved in any similar conduct shows that this has truly been a life changing experience for her. Ms. Smith understands that she made a mistake that day. She timely accepted responsibility for her actions and plead guilty to this offense, as reflected in her guilty plea and statement submitted to U.S. Probation:

> "I accept responsibility for my actions as stated in my plea agreement. I know I put myself in this situation by making that phone call. However, I want to assure you that I was never going to hurt anyone. I made a mistake. I know I did this to myself, and this has been very difficult. I have never been in trouble before. Had I known what I know now, I never, ever, would have done that, and I will absolutely never do anything like this ever again."

(PSR, R. 28, PID 88-89). Based upon the foregoing, Ms. Smith respectfully requests this Honorable Court to give due consideration to all her mitigating factors when imposing a reasonable sentence.

### III. CONCLUSION.

Adrienne Smith respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Ms. Smith requests this Honorable Court to sentence her to time served to be followed by a term of supervised release, or in the alternative, to a term of probation, with the standard and

special conditions of continuing mental health treatment and having no contact with the victims and their families.

          Respectfully Submitted,

          s/ Marisa L. Serrat
          **JAIME P. SERRAT LLC**
          Marisa L. Serrat, (#0088840)
          Attorney for the Defendant
          55 Public Square, Suite 2100
          Cleveland, OH 44113
          (216) 696-2150; (216) 696-1718- fax
          Mserratlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

s/ Marisa L. Serrat<br>
<b>JAIME P. SERRAT LLC</b><br>
Marisa L. Serrat, (#0088840)<br>
Attorney for the Defendant